IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:12-cr-03046 |
| Plaintiff, | ) | |
| | ) | AMICUS CURIAE BRIEF OF IOWA |
| v. | ) | FEDERAL DEFENDER'S OFFICE |
| | ) | ADDRESSING APPLICATION |
| RANDY FEAUTO, | ) | OF AMENDMENT 782 WHERE A |
| | ) | MANDATORY MINIMUM APPLIED AT |
| Defendant. | ) | THE ORIGINAL SENTENCING AND A |
| | ) | SUBSTANTIAL ASSISTANCE MOTION |
| | ) | WAS FILED |

Pursuant to this Court's order of July 20, 2015, the Iowa Federal Public Defender's Office respectfully submits the following amicus curiae brief addressing the proper method of applying retroactive amendment 782 where a mandatory minimum and a substantial assistance departure were both involved in the original sentencing. The Federal Defender respectfully argues that 18 U.S.C. § 3553(e), as implemented through United States Sentencing Guideline Policy Statement 1B1.10 and 18 U.S.C. § 3582(c)(2), permits the Court, when granting relief pursuant to Amendment 782, to recalculate the amended sentencing range without regard to application of the statutory mandatory minimum sentence that applied at the original sentencing. The Federal Defender further argues that the Court should decline to adopt a specific approach to sentence reductions in such circumstances, in the interest of maintaining the ability to craft an appropriate reduction that comports with 18 U.S.C. § 3553(a) within the framework of USSG §1B1.10 and 18 U.S.C. § 3582(c)(2).

**TABLE OF CONTENTS**

I.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  AUTHORITY TO GRANT A REDUCTION WITHOUT REGARD TO A STATUTORY MANDATORY MINIMUM TERM OF IMPRISONMENT. . . . 2

    B.  THE COURT SHOULD DECLINE TO ADOPT A SPECIFIC POLICY APPROACH TO 3582(c)(2) REDUCTIONS WHERE A MANDATORY MINIMUM APPLIED AT THE ORIGINAL SENTENCING AND THE GOVERNMENT FILED A SUBSTANTIAL ASSISTANCE MOTION.. . . . . . . 6

II. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I.  ARGUMENT

A.  <u>AUTHORITY TO GRANT A REDUCTION WITHOUT REGARD TO A STATUTORY MANDATORY MINIMUM TERM OF IMPRISONMENT</u>.

The policy statement implementing Amendment 782 to the United States Sentencing Guidelines permits courts, when granting a reduction in sentence pursuant to the amendment, to determine the amended guideline range without regard to the statutory mandatory minimum term that applied at the original sentencing under only one specific set of circumstances.  When reducing a sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2), a court may disregard the prior application of the mandatory minium only where:

> the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities . . .

USSG §1B1.10(c).  Under this specific scenario, "then for the purposes of this policy statement the amended guideline range shall be determined without regard to the operation of §5G1.1 (Sentencing on a Single Count of Conviction) and §5G1.2 (Sentencing on Multiple Counts of Conviction)."  Only in this single scenario does a statutory mandatory minimum term no longer

apply in proceedings to reduce sentences pursuant to 18 U.S.C. § 3582(c)(2).

This Court has questioned the legal authority by which the policy statement implementing Amendment 782 to the sentencing guidelines can "trump a statutorily created mandatory minimum" term of imprisonment. *See* Clerk's No. 70 (order regarding motion for sentence reduction). But in this limited scenario, Congress itself authorized such a possibility in the language of 18 U.S.C. § 3553(e), which states:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. *Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code*.

(emphasis added). Congress authorized sentences below statutory mandatory minimums when the Government filed a substantial assistance motion to reward a defendant for assisting authorities in the investigation and prosecution of crimes, and drafted 18 U.S.C. § 3553(e) to permit such a reduction pursuant to the directives of the sentencing guidelines and the policy statements of the Sentencing Commission. And while the statute was drafted by Congress pursuant to a mandatory sentencing guideline system, the Supreme Court subsequently only specifically invalidated two statutory provisions of the sentencing act, "the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range . . . and the provision that sets forth standards of review on appeal." *United States v. Booker*, 543 U.S. 220, 259 (2005) (citing 18 U.S.C. § 3553(b)(1) and § 3742(e), (2000 ed. and Supp. IV)). 18 U.S.C. § 3553(e) continues to be implemented through the sentencing guideline process, which is reflected in the post *Booker* retention of USSG § 5K1.1, which outlines some of the factors a court may consider when granting a departure pursuant to a substantial assistance motion filed

3

by the Government. *See also* 28 U.S.C. § 994(n) (directing the Sentencing Commission to assure that the guidelines reflect the appropriateness of imposing a sentence below a statutory minimum when a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense). This is why, when a § 3553(e) motion is granted, it functions as a departure, which changes the advisory sentencing guideline range, rather than through the vehicle of the 18 U.S.C. § 3553(a) factors directly. *See United States v. Dalton*, 478 F.3d 879, 881 (8th Cir. 2007) ("The district court can then decide if a traditional departure from that advisory range is warranted, including one based on substantial assistance motions, but utilizing the Guidelines and the policy statements contained therein, and if so, *arrive at a final advisory Guidelines sentence*." (emphasis added)).

Similarly, it is not problematic that the policy statement implementing Amendment 782 permits the Court to calculate the amended guideline range without regard to the statutory mandatory minimum. 18 U.S.C. § 3553(e) authorizes sentences below statutory mandatory minimums where a court's authority has been triggered by the filing of a substantial assistance motion. Thus, in the context of a proceeding pursuant to 18 U.S.C. § 3582(c), the Court never lost the authority granted it by the filing of the motion at the original sentencing. Rather, the policy statement implementing Amendment 782 has clarified a prior split in the circuit courts of appeal concerning USSG §§ 5G1.1 and 1.2 that arose during implementation of the previous amendments to the "crack" cocaine sentencing guidelines, and avoided the creation of disparity between circuits in this latest policy statement. *Compare United States v. Golden*, 709 F.3d 1229, 1231-32 (8th Cir. 2013) (finding no distinction between the phrases "guideline sentence" and "guideline range" in the policy statement implementing Amendment 750 and holding that

4

application of the statutory mandatory minimum through USSG § 5G1.1 meant that the defendant's guideline range does not change despite application of the Amendment, making him ineligible for further reduction), *with United States v. Savani*, 733 F.3d 56, 63-67 (3d Cir. 2013) (discussing ambiguity in the guidelines and holding that defendants subject to mandatory minimums who were sentenced pursuant to the guidelines but below the mandatory minimum due to a substantial assistance motion are eligible to move for reductions in sentence pursuant to 18 U.S.C. § 3582(c)). This clarification only affects the manner in which Amendment 782 is implemented and applied, with the authority to sentence below the statutory mandatory minimum having previously been triggered at the original sentencing due to the Government's filing, and the court's granting, of a substantial assistance motion under 18 U.S.C. § 3553(e). *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010) (holding that the policy statement directing implementation of a retroactive guideline in § 3582(c)(2) proceedings remains binding and prevents the proceeding from becoming a plenary resentencing proceeding); *accord United States v. Benson*, 715 F.3d 705, 708 (8th Cir. 2013). Notably, Congress could have rejected this application by disapproving the retroactive amendment, but did not do so. Congress was doubtless well aware of the Sentencing Commission's clarification of the circuit split concerning mandatory minimums and their application and role under the guidelines and the policy statement implementing the amendment, but implicitly adopted the policy of the Sentencing Commission to ensure that individuals who received substantial assistance motions from the Government would receive the benefit of retroactive Amendment 782.

5

B.  THE COURT SHOULD DECLINE TO ADOPT A SPECIFIC POLICY APPROACH TO 3582(c)(2) REDUCTIONS WHERE A MANDATORY MINIMUM APPLIED AT THE ORIGINAL SENTENCING AND THE GOVERNMENT FILED A SUBSTANTIAL ASSISTANCE MOTION.

The Court has suggested that, in implementing retroactive Amendment 782 in the context of a case where a statutory mandatory minimum applied and the defendant received a § 3553(e) motion, that "[i]t seems more appropriate to find the guideline range that intersects the mandatory minimum and then to give two base offense levels off that range and apply the same percentage reduction applied in the original sentencing for the substantial assistance motion." *See* Clerk's No. 70 (order regarding motion for sentence reduction). To the extent that the Court is concerned with a scenario where a defendant's amended guideline range is substantially lower than the statutory mandatory minimum that would otherwise apply, and then reduced even further due to the reduction for substantial assistance, such a scenario can, indeed, result in a large reduction in a given case. But many other factors were in place at the original sentencing to create such a scenario. For example, when the government elects to enhance a drug sentence pursuant to 21 U.S.C. § 851 to reflect a defendant's recidivist behavior, but the actual offense conduct results in much lower guideline range prior to the enhancement; or, where a defendant receives an unusually large reduction due to the nature and quality of their substantial assistance. The Sentencing Commission has acknowledged that there may be such scenarios where a court may decide not to grant a reduction by stating that the Court "may" reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2), and by limiting the maximum extent to which a defendant's sentence may be reduced to the low end of the amended guideline range. USSG §§ 1B1.10(a)(1), (b)(1).

6

It is also important to note that Congress does not require that a defendant's drug sentence be enhanced when the defendant has prior felony drug convictions, but rather leaves that choice to the Government. *See* 21 U.S.C. § 851(a) ("No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . ."). This means that recidivism enhancements in drug cases, and their corresponding drastic increases in statutory minimum punishments, are subject to the decisions of the many United States Attorney's Offices around the country, which this Court has previously observed can be, and have been in the past, applied in an arbitrary manner that can result in massive disparity in drug sentences around the country. *See United States v. Young*, 960 F.Supp.2d 881, 889 (N.D. Iowa 2013) (discussing "The Wheel of Misfortune" where "similarly-situated defendants in the same district, before the same sentencing judge, sometimes received a doubling of their mandatory minimum sentences [due to the filing of a notice under 21 U.S.C. § 851] and sometimes did not"). While the Department of Justice presently has a policy concerning the use of enhancements in drug cases, many of the defendants being considered for sentence reductions pursuant to Amendment 782 and proceedings under 18 U.S.C. § 3582(c) were subject to the unguided prosecutorial discretion of the past. *See id*. at 894 (noting that, at the time of the decision and based on a review of data provided by the Sentencing Commission, drug offenders in the Northern District of Iowa were 311% more likely to receive a § 851 enhancement compared to the national application average).

And, while in the past a court could bind itself to a mandatory minimum term of imprisonment after making a sentencing finding concerning a specific drug quantity involved in

7

Case 3:12-cr-03046-MWB   Document 74   Filed 09/17/15   Page 7 of 12

the case by a preponderance of the evidence, *see United States v. Webb*, 545 F.3d 673, 678 (8th Cir. 2008) (holding that "facts that increase a mandatory minimum sentence need not be proved to a jury beyond a reasonable doubt, as long as the penalty is within the range of the convicted offense"), the Supreme Court subsequently held that any fact that increases a mandatory minimum sentence is an element of a crime rather than a sentencing factor and must either be found by the jury at trial or admitted by a defendant as part of a guilty plea colloquy to avoid violating the Sixth Amendment of the Constitution. *Alleyne v. United States*, 133 S.Ct. 2151, 2161-64 (2013) (*overruling Harris v. United States*, 536 U.S. 545, 560-61 (2002)). While *Alleyne* has not been applied retroactively to defendants sentenced prior to the decision, the impact of the decision is the presence of greater sentencing disparities between many of the older cases under consideration for a reduction pursuant to Amendment 782 and cases sentenced subsequent to the decision, because making statutory drug quantity an element of the offense permitted the issue to impact charging decisions by the Government, and for it to become negotiable as part of the plea bargaining process.

Put another way, human decisions, procedural variables, and changes in the law over the years, have all led to disparities in sentences for drug offenders being reviewed for potential reductions in sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c) proceedings. The Sentencing Commission's decision to craft the policy statement guiding application of Amendment 782 in a manner that provides the Court with the discretion as to whether to grant a reduction to eligible defendants, and providing for the potential for sometimes significant reductions for individuals who received substantial assistance motions, is not only a way of ensuring the cooperating defendants do not lose the benefit of the retroactive guideline change,

8

Case 3:12-cr-03046-MWB   Document 74   Filed 09/17/15   Page 8 of 12

but also a tacit acknowledgment of the potential disparity in application of mandatory minimums around the country over the years, and a means of limiting and avoiding unwarranted sentencing disparities for cooperating defendants who receive the benefit of Amendment 782. Removing applicability of the mandatory minimum statutorily via the § 3553(e) motion, and correspondingly under the sentencing guidelines pursuant to USSG §1B1.10(c), leaves the Court with relatively broad discretion to grant a reduction the Court deems to be appropriate after considering and applying the factors noted in the policy statement. *See* USSG §1B1.10, note (B)(i)-(iii) (noting that the Court shall consider the factors in 18 U.S.C. § 3553(a), public safety considerations, and post-sentencing conduct, in determining whether to grant a reduction and the extent of the reduction to grant within the limits of the policy statement). A broader window of eligibility, as contemplated by the policy statement under this specific circumstance, leaves the Court with more discretion to, after considering the factors noted in the policy statement, reach a decision as to whether a reduction is appropriate in a given case, and the extent of any reduction to grant.

While the Court's proposal to start from a guideline that intersects the mandatory minimum, reduce that by two levels, and then pro-rate the substantial assistance departure from that range, is a permissible approach within the discretion afforded to the Court by the policy statement, the Federal Defender does not believe such an approach is necessary to give deference to Congressionally mandated mandatory minimum sentences. By Congress giving the Government the power to file a motion to reduce a defendant's sentence below a mandatory minimum to reflect substantial assistance, and by giving the Government the power to increase drug mandatory minimums through the filing of notice under 21 U.S.C. § 851, Congress has

9

ceded a large amount of control of the imposition and applicability of mandatory minimum drug sentences to the executive branch. This, combined with the aforementioned change in the law pursuant to the Supreme Court's *Alleyne* holding, demonstrate the forms of practical sentencing disparity that can, and have been, occurring in the federal sentencing system for decades.

Indeed, one of the Court's directives in the sentencing process, and incorporated into the reduction process of 18 U.S.C. § 3582(c)(2) and policy statement §1B1.10 of the Sentencing Commission, is that the Court seek to avoid "unwarranted sentencing disparities." 18 U.S.C. § 3553(a)(6). The relatively broad window of discretion for a sentence reduction that occurs in the limited circumstance with which the Court is concerned permits the Court more leeway to attempt to meet that goal. Avoiding adopting a specific policy will allow the Court to ascertain whether a given defendant's sentence was enhanced based on relatively minor prior drug offense convictions or low level offense conduct such that a large reduction in sentence may be a more "just" outcome, or whether an individual defendant is a large scale, repeat drug trafficker whose recidivist behavior makes him a danger to the public to the extent that a large reduction, or maybe even any reduction for the retroactive guideline amendment, is unwarranted.[1] In some cases, the Court's suggested approach may make the most sense. But in others, the approach may result in the perpetuation of what was initially an unjust sentence relative to similarly

---

[1] In cases where a mandatory minimum applied, but no § 851 enhancement was filed, there is less likely to be such a large difference between the amended guideline range and the mandatory minimum that applied prior to application of the § 3553(e) reduction. This is because the drug quantity guidelines are generally tethered around the statutory mandatory minimum terms, with USSG §§5G1.1 and 1.2 being the means of accounting for the statutory mandatory minimum when the guideline is below the statutory minimum term of imprisonment. *See generally United States v. Hubel*, 625 F.Supp.2d 845, 853 (D.Neb. 2008) (discussing how the Sentencing Commission anchored the drug quantity based sentencing guidelines to the statutory mandatory minimums rather basing them on its empirical research and data).

Case 3:12-cr-03046-MWB   Document 74   Filed 09/17/15   Page 10 of 12

situated defendants from other districts around the country. The Federal Defender respectfully suggests that the Court should be extremely hesitant to cabin its discretion, given all the variables that underlay and impacted the original sentence in a given case.

## II. CONCLUSION

The policy statement implementing Amendment 782 to the drug sentencing guidelines is based on statutory authority. As discussed above, 18 U.S.C. § 3553(e), as implemented through United States Sentencing Guideline Policy Statement 1B1.10 and 18 U.S.C. § 3582(c)(2), permits the Court, when granting relief pursuant to Amendment 782, to recalculate the amended sentencing range without regard to application of the statutory mandatory minimum sentence that applied at the original sentencing, without running afoul of the law. To the extent that the Court believes its proposal to reduce a defendant's sentence from a starting point of whatever range contains the defendant's originally applicable mandatory minimum term, such a decision is within the Court's discretion pursuant to the policy statement. But amicus counsel respectfully suggests that the Court decline to adopt a blanket policy that would limit its discretion in this regard, in the interest of avoiding unwarranted sentencing disparities, which the Court is directed to consider as part of the 18 U.S.C. § 3582(c)(2) reduction process.

Respectfully submitted,

/s/ James F. Whalen
JAMES F. WHALEN, Federal Defender

/s/ Joseph Herrold
Joseph Herrold, Asst. Federal Defender

FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: jim_whalen@fd.org
E-MAIL: joe_herrold@fd.org

AMICUS COUNSEL

CERTIFICATE OF SERVICE
I hereby certify that on September 17, 2015, I electronically filed this document with the Clerk of Court using the ECF system and I will serve it on the parties of record via email.
/s/ Eliza Briggs, Paralegal