**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RANDY FEAUTO,

Defendant.

No. CR 12-3046-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING
RESENTENCING OF DEFENDANT
PURSUANT TO AMENDMENT 782
TO THE UNITED STATES
SENTENCING GUIDELINES**

―――――――――――――――

**TABLE OF CONTENTS**

I.     **INTRODUCTION** ................................................................. 2
       A.   *Foreword* ................................................................. 2
       B.   *Resentencing Under Amendment 782* ................................ 5
            1.   *Proceedings in this case* ...................................... 5
            2.   *Resentencing authority* ....................................... 6
            3.   *The pertinent guidelines and policy statements* ............ 7
            4.   *Operation of the policy statement here* ................... 12

II.    *LEGAL ANALYSIS* ......................................................... 13
       A.   *Limits On The Authority Of The Sentencing Commission* ........ 14
       B.   *Ultra Vires Action Of The Commission* ......................... 16
            1.   *Departure from the mandate for mandatory
                 minimums* ..................................................... 16
            2.   *Possible sources of a mandate to nullify mandatory
                 minimums* ..................................................... 17
                 a.   *Section 3553(e)* ........................................ 18
                 b.   *Section 3582(c)(2)* ..................................... 21
                 c.   *Section 994(u)* ......................................... 24
            3.   *Pernicious Consequences* .................................... 25
       C.   *Improper Delegation* .................................................. 29

III.   *CONCLUSION* ................................................................ 31

# I. INTRODUCTION

## A. Foreword

Before me for consideration is defendant Randy Feauto's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Amendment 782, the "All Drugs Minus Two Amendment," to the United States Sentencing Guidelines.[1]  The parties and

---

[1] In an Indictment (docket no. 2), handed down September 20, 2012, defendant Randy Feauto was charged with four offenses.  **Count 1** charged Feauto with conspiracy to manufacture and distribute 50 grams or more of actual (pure) methamphetamine, after a prior conviction for delivery of a simulated controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851.  **Counts 2** and **3** charged Feauto with separate counts of distributing detectable amounts of actual (pure) methamphetamine, after a prior conviction for delivery of a simulated controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851.  **Count 4** charged Feauto with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Eventually, on February 22, 2013, Feauto pleaded guilty, before a United States Magistrate Judge, to **Counts 1** and **4** of the Indictment, pursuant to a plea agreement providing for dismissal of **Counts 2** and **3** at sentencing  *See* Minutes of Plea Hearing (docket no. 42); Report And Recommendation Concerning Plea of Guilty (docket no. 43).  I accepted Feauto's guilty plea by Order (docket no. 47), filed February 22, 2013.  At Feauto's sentencing hearing on June 25, 2013, I concluded that Feauto's Base Offense Level, based on at least 50 but less than 150 grams of actual (pure) methamphetamine, was 32; that his Total Offense Level was 33, with a 2-level increase for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, and a 3-level reduction for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b); that his criminal history category was III; and that his advisory guideline sentencing range was 168 to 210 months.  However, I also concluded that Feauto's advisory guideline sentencing range was "trumped" by his mandatory minimum sentence of 240 months, pursuant to U.S.S.G. § 5G1.2(b).  I then granted the prosecution's motion to reduce Feauto's sentence for "substantial assistance," pursuant to both U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and imposed a sentence of 132 months, which amounted to a 45% reduction from

the Federal Defender for the Northern and Southern Districts of Iowa, as invited *amicus curie*, argue that a defendant subject to a mandatory minimum sentence who previously received a "substantial assistance" reduction below that mandatory minimum can be resentenced pursuant to Amendment 782 without regard to the mandatory minimum. That position was originally music to my ears, because I have consistently—and vehemently—disagreed with the harshness of most mandatory minimum sentences.[2] In

---

Feauto's mandatory minimum sentence. *See* Minutes of Sentencing Hearing (docket no. 55); Judgment (docket no. 56); Statement of Reasons (docket no. 57).

[2] Law review articles: Mark W, Bennett, *Slow Motion Lynching? The War on Drugs and Mass Incarceration: Reflections on Doing Kimbrough Justice and a Response to Two Third Circuit Judges*, 66 RUTGERS L. REV. 873 (2014); Mark Osler & Mark W. Bennett, *A "Holocaust in Slow Motion?": America's Mass Incarceration and the Role of Discretion*, 7 DEPAUL J. SOC. JUSTICE 117 (2014): Media interviews: Eli Saslow, *Against His Better Judgment*, WASH. POST, June 7, 2015, at A01, 2015 WLNR 16811322; *Why Mandatory Minimum Sentences on Drug Arrests are "Unfair and Racist*," HUFFPOST LIVE (May 6, 2014), http://huffingtonpost.com/r/highlight/mandatory-minimum-sentences-are-unfair-andracist/53694529fe34448f9c0006dc; *The Brief*, an Irish radio program podcast world-wide, led by barrister Andrew Robinson. Telephonic interview about mass incarceration and mandatory minimum sentencing in America, July 18, 2013; *The Melissa Harris-Perry Show* (MSNBC television broadcast Nov. 18, 2012); Documentary: THE HOUSE I LIVE IN (ZDF/ITVS/BBC 2012) Eugene Jarecki, director) (Official Selection and Winner, Grand Jury Prize, Sundance Film Festival 2012); Letters to the editor: Mark W. Bennett, *How Mandatory Minimums Forced Me to Send More Than 1,000 Nonviolent Drug Offenders to Federal Prison*, THE NATION, Nov. 12, 2012, at 4.; Mark W. Bennett & Mark Osler, *The Wrong People Decide Who Goes to Prison*, CNN (Dec. 3, 2013, 7:49 AM), http://www.cnn.com/2013/12/03/opinion/bennett-oslersentencing index.html?hpt=hp_t4; Mark W. Bennett & Mark Osler, *Op-Ed., America's Mass Incarceration: The Hidden Costs*, MINNEAPOLIS STAR TRIBUNE, June 28, 2013, at A11; Judicial opinions: *United States v. Young*, 960 F. Supp. 2d 881, 882 (N.D. Iowa 2013) ("This case presents a deeply disturbing, yet often replayed, shocking, dirty little secret of federal sentencing: the stunningly arbitrary application by the Department of Justice (DOJ) of § 851 drug sentencing enhancements."); *United States v.*

fact, in most of the over 1,000 congressionally-mandated mandatory minimum sentences that I have imposed over the past twenty-two years, I have stated on the record that they were unjust and too harsh.  I would often inform or remind defendants and their families and supporters in the courtroom that reform of mandatory minimum sentencing must come from the legislative branch of our federal government—Congress.  So it is with significant irony, but consistent with my view that only Congress has the authority to waive mandatory minimum sentences (with the exception of substantial assistance motions, pursuant to § 3553(e) and FED. R. CRIM. P. 35(b), and "safety valve" eligibility, pursuant to § 3553(f)), that I disagree with the parties' argument that the Sentencing Commission has the authority to use Amendment 782, or any other amendment to the Sentencing Guidelines, to "nullify" a mandatory minimum sentence established by Congress.  For the reasons set forth below, my understanding is that only Congress itself, not the Sentencing Commission or the Judicial Branch, has that power.  Consequently, the proper net effect of Amendment 782, applied either retroactively or prospectively, is that it can only reduce the sentence of a defendant who originally received a reduction for substantial assistance if he had no mandatory minimum or both his original guideline sentence and his amended guideline sentence are above his mandatory minimum.  Feauto is not such a defendant.  I fully recognize that, like the vast majority of mandatory minimum sentences themselves, this construction leads to a

---

*Hayes*, 948 F. Supp. 2d 1009,1026 (N.D. Iowa 2013) ("In *United States v. Newhouse*, 919 F.Supp.2d 955 (N.D. Iowa 2013), I questioned whether there is a factual or logical basis for a relatively low amount of methamphetamine to trigger a five-year mandatory minimum."); *United States v. Williams*, 788 F. Supp. 2d 847 (N.D. Iowa 2011) (noting the lack of any rationale for the 18:1 crack-to-powder cocaine ratio under the Fair Sentencing Act, other than compromise, its continuation of the disparities between quantities of crack and powder cocaine that invoke mandatory minimum sentences, and reiterating my adoption of a 1:1 ratio for guideline sentence determinations).

harsh result, but fidelity to the rule of law and principles of non-delegation and separation of powers trumps any personal views on the harshness of federal sentencing. As discussed below, the construction urged by the parties and *amicus* creates an Alice In Wonderland like scenario in which the retroactive application of Amendment 782 opens a rabbit hole that Feauto, instead of Alice, falls through and receives a lower sentence in Wonderland than if he were originally sentenced today for his crime with the application of post-Amendment 782. Surely, this Mad Tea Party scenario creates the very kind of unwarranted disparity the guidelines were intended to avoid.

## B.    *Resentencing Under Amendment 782*

### 1.    *Proceedings in this case*

Consideration of whether or not defendant Feauto is eligible for a reduction in sentence pursuant to Amendment 782 began in March 2015. At the conclusion of Feauto's "All Drugs Minus Two" hearing on October 23, 2015,[3] I informed the parties

---

[3] On March 6, 2015, I entered an Order (docket no. 59), *sua sponte*, after reviewing a memorandum (docket no. 60) prepared by the United States Probation Office on Feauto's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) and calculation of his amended guideline range in light of Amendment 782 to the United States Sentencing Guidelines. In that Order, I directed the prosecution to submit a sealed report detailing its position regarding a sentence reduction for Feauto pursuant to 18 U.S.C. § 3582(c)(2). The prosecution filed the required Report (docket no. 61), on March 25, 2015, asserting that no reduction of Feauto's sentence was appropriate, but requested a hearing on the issue. I entered an Order (docket no. 62), on April 10, 2015, setting a hearing on Feauto's eligibility for a sentencing reduction for July 17, 2015, and directed the Clerk of Court to appoint counsel to represent Feauto.

I held an initial hearing on Feauto's eligibility for a sentence reduction on July 17, 2015, but continued the matter for additional briefing by the parties. *See* Minutes Of Hearing on July 17, 2015 (docket no. 69). On July 20, 2015, I entered an Order (docket no. 70) in which I set a briefing schedule on the issue of the proper method for applying

that I would issue a *tentative* opinion for their comment within the next few weeks, before issuing a final opinion. I provided the parties with such a tentative opinion on November 3, 2015. The prosecution and the Federal Defender submitted their comments on November 11, 2015, *see* docket nos. 87 and 89, respectively, and defendant Feauto submitted his comments on November 12, 2015. *See* docket no. 91. This Memorandum Opinion And Order is my final opinion on the matter, which has taken into consideration the parties' original arguments and their comments on my tentative opinion.

### 2. *Resentencing authority*

To put the present discussion in context, I will summarize the authority of a court to resentence a defendant in light of subsequent amendments to the Sentencing Guidelines. Congress has provided, *inter alia*, that "[t]he [Sentencing] Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section." 28 U.S.C. § 994(o). Congress has also provided authority to reduce a sentence in light of such revisions to the Sentencing Guidelines in 18 U.S.C. § 3582(c). Specifically, § 3582(c)(2) provides, in pertinent part, as follows:

> **(c) Modification of an imposed term of imprisonment.—**
> The court may not modify a term of imprisonment once it has been imposed except that—

---

retroactive Amendment 782 to the United States Sentencing Guidelines where a mandatory minimum and a substantial assistance departure were both involved in the original sentencing. I also required the defendant to give notice to the Federal Defender, so that the Federal Defender could file an *amicus curie* brief, because my decision might affect many defendants represented by the Federal Defender. I also set the conclusion of Feauto's "All Drugs Minus Two" hearing for October 23, 2015. The prosecution filed its Brief (docket no. 73), on September 4, 2015; the Federal Defender filed its *Amicus Curiae* Brief (docket no. 74), on September 17, 2015; and Feauto filed his Reply Brief (docket no. 81), on September 24, 2015.

* * *

> **(2)** in the case of a defendant who has been sentenced
> to a term of imprisonment based on a sentencing range
> that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon
> motion of the defendant or the Director of the Bureau
> of Prisons, or on its own motion, the court may reduce
> the term of imprisonment, after considering the factors
> set forth in section 3553(a) to the extent that they are
> applicable, if such a reduction is consistent with
> applicable policy statements issued by the Sentencing
> Commission.

18 U.S.C. § 3582(c)(2). "The Supreme Court has indicated that a sentence reduction
under § 3582(c)(2) is not a 'plenary resentencing'; rather, it operates as 'a narrow
exception to the rule of finality' that 'permits a sentence reduction within the narrow
bounds established by the Commission.'" *United States v. Anderson*, 688 F.3d 585, 589
(8th Cir. 2012) (quoting *Dillon v. United States*, 560 U.S. 817, 827, 831, 130 S. Ct.
2683, 2692, 2694, 177 L. Ed. 2d 271 (2010)).

### 3.    *The pertinent guidelines and policy statements*

The pertinent guideline revision here, triggering the possibility of a sentence
reduction pursuant to § 3582(c)(2), is Amendment 782 to the Sentencing Guidelines, in
which the Sentencing Commission lowered the sentencing range for drug offenders.
Amendment 782 became effective November 1, 2014, and was made retroactive effective
November 1, 2015. UNITED STATES SENTENCING COMMISSION, FEDERAL SENTENCING
GUIDELINES MANUAL, Vol. 3, Amendment 782, Reasons for Amendment; *United States
v. Lawin*, 779 F.3d 780, 781 n.2 (8th Cir. 2015); *United States v. Thomas*, 775 F.3d
982, 983 (8th Cir. 2014) ("[T]he Commission expressly made Amendment 782
retroactive (effective November 1, 2015)."). Essentially, Amendment 782 "applies
retroactively to reduce most drug quantity base offense levels by two levels." *United*

*States v. Lawin*, 779 F.3d 780, 781 n.2 (8th Cir. 2015) (citing *Thomas*, 775 F.3d at 982). As the Eighth Circuit Court of Appeals has pointed out, "Amendment 782 amended [U.S.S.G.] § 2D1.1," that is, it amended sentencing ranges determined by drug quantity, but it did not lower the sentencing ranges established on the basis of other offense or offender characteristics, such as "career offender" status under U.S.S.G. § 4B1.1. *Thomas*, 775 F.3d at 983. The Sentencing Commission, itself, expressly stated that the purpose of Amendment 782 was to "change[ ] how the applicable statutory mandatory minimum penalties are incorporated into the Drug Quantity Table while maintaining consistency with such penalties," and that it served this purpose by "reduc[ing] by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties, *resulting in corresponding guideline ranges that include the mandatory minimum penalties*." UNITED STATES SENTENCING COMMISSION, FEDERAL SENTENCING GUIDELINES MANUAL, Vol. 3, Amendment 782, Reasons for Amendment (emphasis added) (quoted more extensively in footnote 4).[4] Amendment 782 does absolutely nothing to reduce the drug quantity that triggers a mandatory minimum.

---

[4] As the Sentencing Commission explained, more fully,

> This amendment changes how the applicable statutory mandatory minimum penalties are incorporated into the Drug Quantity Table while maintaining consistency with such penalties. *See* 28 U.S.C. § 994(b)(1) (providing that each sentencing range must be "consistent with all pertinent provisions of title 18, United States Code"); *see also* 28 U.S.C. § 994(a) (providing that the Commission shall promulgate guidelines and policy statements "consistent with all pertinent provisions of any Federal statute").

> Specifically, the amendment reduces by two levels the offense levels assigned to the quantities that trigger the statutory

U.S.S.G. § 1B1.10 is the Sentencing Commission's policy statement concerning reduction in a defendant's term of imprisonment as a result of an amended guideline range, *i.e.*, the companion provision under the Sentencing Guidelines to statutory § 3582(c)(2). As the parties and *amicus* note, this Guideline, as amended to implement Amendment 782, provides as follows:

> (c)  Cases Involving Mandatory Minimum Sentences and Substantial Assistance.—If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes

---

> mandatory minimum penalties, resulting in corresponding guideline ranges that include the mandatory minimum penalties. Accordingly, offenses involving drug quantities that trigger a five-year statutory minimum are assigned a base offense level of 24 (51 to 63 months at Criminal History Category I, which includes the five-year (60 month) statutory minimum for such offenses), and offenses involving drug quantities that trigger a ten-year statutory minimum are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year (120 month) statutory minimum for such offenses). Offense levels for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels, except that the minimum base offense level of 6 and the maximum base offense level of 38 for most drug types is retained, as are previously existing minimum and maximum base offense levels for particular drug types.

UNITED STATES SENTENCING COMMISSION, FEDERAL SENTENCING GUIDELINES MANUAL, Vol. 3, Amendment 782, Reasons for Amendment.

of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

U.S.S.G. § 1B1.10(c). In other words, by making § 5G1.1 and § 5G1.2 "inoperative" in specific cases, this policy statement eliminates the guideline provisions that would make the mandatory minimum the guideline sentence, when the mandatory minimum is above the guideline range. The pertinent Application Note explains, further, that the amended sentence should use the same approximate percentage reduction *below the minimum of the amended guideline range* that was used at the original sentencing for a reduction *below the mandatory minimum*. *See* U.S.S.G. § 1B1.10(c), Application Note 4.[5]

---

[5] The pertinent Application Note provides two examples of application of the policy set out in subsection (c):

> (A)   *Defendant A is subject to a mandatory minimum term of imprisonment of 120 months. The original guideline range at the time of sentencing was 135 to 168 months, which is entirely above the mandatory minimum, and the court imposed a sentence of 101 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities. The court determines that the amended guideline range as calculated on the Sentencing Table is 108 to 135 months. Ordinarily, § 5G1.1 would operate to restrict the amended guideline range to 120 to 135 months, to reflect the mandatory minimum term of imprisonment. For purposes of this policy statement, however, the amended guideline range remains 108 to 135 months.*

*To the extent the court considers it appropriate to provide a reduction comparably less than the amended guideline range pursuant to subsection (b)(2)(B), Defendant A's original sentence of 101 months amounted to a reduction of approximately 25 percent below the minimum of the original guideline range of 135 months. Therefore, an amended sentence of 81 months (representing a reduction of approximately 25 percent below the minimum of the amended guideline range of 108 months) would amount to a comparable reduction and may be appropriate.*

(B)     *Defendant B is subject to a mandatory minimum term of imprisonment of 120 months. The original guideline range at the time of sentencing (as calculated on the Sentencing Table) was 108 to 135 months, which was restricted by operation of § 5G1.1 to a range of 120 to 135 months. <u>See</u> § 5G1.1(c)(2). The court imposed a sentence of 90 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities. The court determines that the amended guideline range as calculated on the Sentencing Table is 87 to 108 months. Ordinarily, § 5G1.1 would operate to restrict the amended guideline range to precisely 120 months, to reflect the mandatory minimum term of imprisonment. <u>See</u> § 5G1.1(b). For purposes of this policy statement, however, the amended guideline range is considered to be 87 to 108 months (<u>i.e.</u>, unrestricted by operation of § 5G1.1 and the statutory minimum of 120 months).*

*To the extent the court considers it appropriate to provide a reduction comparably less than the amended guideline range pursuant to subsection (b)(2)(B), Defendant B's original sentence of 90 months amounted to a reduction of approximately 25 percent*

#### *4. Operation of the policy statement here*

The examples in Application Note 4 to U.S.S.G. § 1B1.10(c) do not address the specific circumstance in Feauto's case, where both his original guideline range and his amended guideline range are *below* his mandatory minimum sentence of 240 months. Feauto's original guideline range was 168 to 210 months, based on a Base Offense Level of 32, Total Offense Level of 33, and Criminal History Category of III. His amended guideline range, pursuant to Amendment 782, is 135 to 168 months, based on a Base Offense Level of 30, Total Offense Level of 31, and Criminal History Category of III. Thus, both guideline ranges are *below* his mandatory minimum sentence. In the absence of U.S.S.G. § 1B1.10(c), as explained in Application Note 4, U.S.S.G. § 5G1.1(b) would make the statutory mandatory minimum of 240 months Feauto's guideline sentence for his resentencing, as it was for his original sentencing. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). The parties appear to be correct, however, that, § 1B1.10(c) would require me to consider Feauto's amended guideline range to be 135 to 168 months. I would then be directed to make any reduction for substantial assistance from the low end of the amended guideline range, using the same 45% reduction that I previously gave below his mandatory minimum, *but now without regard to Feauto's statutory mandatory minimum sentence*.

---

*below the original guideline range of 120 months. Therefore, an amended sentence of 65 months (representing a reduction of approximately 25 percent below the minimum of the amended guideline range of 87 months) would amount to a comparable reduction and may be appropriate.*

U.S.S.G. § 1B1.10(c), Application Note 4.

## II. *LEGAL ANALYSIS*

My concerns in this case are whether the *application* of Amendment 782, as called for in the pertinent policy statements in the Sentencing Guidelines, exceeds the Sentencing Commission's statutory authority and/or violates the non-delegation doctrine rooted in the separation-of-powers principle. A persistent theme in all of the parties' arguments is that the prior substantial assistance motion pursuant to § 3553(e) in Feauto's original sentencing "waived" the mandatory minimum for purposes of his resentencing pursuant to Amendment 782. Yet, that prior "waiver" did not "nullify" the mandatory minimum, because the mandatory minimum remained the starting point for any substantial assistance motion at Feauto's original sentencing. In my view, application of Amendment 782 in the way that the Sentencing Commission has called for does not simply recognize the prior "waiver" of the mandatory minimum based on substantial assistance, as in the original sentencing. Rather, it is a complete "nullification" or "disregarding" of the mandatory minimum, at resentencing, because the resulting substantial assistance reduction is entirely detached from, or made without regard to, the mandatory minimum. As I pointed out, above, the reason for Amendment 782 was to "change[ ] how the applicable statutory mandatory minimum penalties are incorporated into the Drug Quantity Table while maintaining consistency with such penalties," not to *nullify* such penalties in certain situations or to alter the drug quantity that triggers a mandatory minimum. UNITED STATES SENTENCING COMMISSION, FEDERAL SENTENCING GUIDELINES MANUAL, Vol. 3, Amendment 782, Reasons for Amendment (quoted more extensively, *supra*, footnote 4). I conclude that a direction to disregard or nullify a statutory mandatory minimum sentence when resentencing a defendant pursuant to Amendment 782 and policy statement U.S.S.G. § 1B1.10(c) exceeds the Sentencing Commission's statutory authority and/or violates the non-delegation doctrine and the

13

separation-of-powers principle. To put it another way, the authority to nullify mandatory minimums is not a power that the Sentencing Commission could usurp or, indeed, one that Congress could delegate. This is so, for several reasons.

### A. Limits On The Authority Of The Sentencing Commission

My explanation begins with a brief summary of the non-delegation doctrine and the separation-of-powers principle and the corollary test to determine whether agency action is *ultra vires*.[6] I recognize, at the outset, that neither the Supreme Court nor the Eighth Circuit Court of Appeals has found any merit in challenges to the Sentencing Guidelines on separation-of-powers grounds. *See, e.g., Mistretta v. United States*, 488 U.S. 361, 412 (1989) (no separation-of-powers violation in congressional delegation of authority to the Sentencing Commission); *United States v. Harris*, 688 F.3d 950, 957 (8th Cir. 2012) ("Every circuit that has considered the separation-of-powers issue has held that '[the] statutory provisions [in 28 U.S.C. § 994 and 18 U.S.C. § 3582(c)] are a sufficient delegation' of Congress's authority to the Sentencing Commission." (quoting *United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011)). In my view, that is not the end of the matter, here.

Rather, as the Supreme Court explained in *Mistretta*, under the separation-of-powers principle, "we long have insisted that 'the integrity and maintenance of the system of government ordained by the Constitution' mandate that Congress generally cannot delegate its legislative power to another Branch." 488 U.S. at 371-72 (quoting *Field v. Clark*, 143 U.S. 649, 692 (1892)). On the other hand, "the separation-of-powers principle, and the nondelegation doctrine in particular, do not prevent Congress from

---

[6] *See* BLACK'S LAW DICTIONARY 1662 (9th ed. 2004) (defining "*ultra vires*" as "[u]nauthorized; beyond the scope of power allowed or granted").

obtaining the assistance of its coordinate Branches." *Id*. at 372. The Court applies an "intelligible principle" test to congressional delegations: "So long as Congress 'shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of legislative power.'" *Id*. (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928)). One of the primary reasons that the Supreme Court upheld the Sentencing Guidelines over non-delegation or separation-of-powers objections was this:

> Although the Guidelines are intended to have substantive effects on public behavior (as do the rules of procedure), they do not bind or regulate the primary conduct of the public *or vest in the Judicial Branch the legislative responsibility for establishing minimum and maximum penalties for every crime.*

*Misretta*, 488 U.S. at 396 (emphasis added). It follows that, to the extent that specific Guidelines usurp the legislative responsibility for establishing *minimum* penalties for crimes, they violate the non-delegation doctrine and the separation-of-powers principle.

Furthermore, the question of whether actions of an agency or commission are *ultra vires* is whether there is a "'plain violation of an unambiguous and mandatory provision of the statute.'" *Key Medical Supply, Inc. v. Burwell*, 764 F.3d 955, 962 (8th Cir. 2014) (quoting *Nebraska State Legis. Bd., United Transp. Union v. Slater*, 245 F.3d 656, 659 (8th Cir. 2001)). The dispute over the scope of the agency's authority must involve more than a dispute over statutory interpretation, however. *Id*. It must come down to whether the agency's action was a clear departure from the statutory mandate or an abridgment of an interested party's statutory right. *Id*.

### B.    Ultra Vires Action Of The Commission

I find it appropriate to consider, first, whether the Sentencing Commission exceeded its authority in promulgating guidelines and policy statements concerning retroactive application of Amendment 782 that essentially nullify mandatory minimums on resentencing. Also, assuming for the sake of argument that the Sentencing Commission did have the necessary authority, I will consider whether Congress could properly delegate that authority.

### 1.    Departure from the mandate for mandatory minimums

In my tentative opinion, I opined that there can be no serious debate that mandatory minimum sentences are clear and explicit "statutory mandates" that are controlling in the sentencing scheme for federal criminal offenses, subject only to limited exceptions. *See, e.g., United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) (*per curiam*) ("District courts lack the authority to reduce sentences below congressionally-mandated statutory minimums."); *United States v. Chacon*, 330 F.3d 1065, 1066 (8th Cir. 2003) ("[T]he only authority for the district court to depart below the statutorily mandated minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or when the defendant qualifies under the safety valve provision." (citation omitted)); *see also Key Medical Supply, Inc.*, 764 F.3d at 962 (framing the question of whether an agency exceeded its authority as whether the agency's action was a clear departure from the statutory mandate or an abridgment of an interested party's statutory right). Much to my surprise, however, the Federal Defender did contest this point.

The Federal Defender asserts that Congress's delegation of the imposition of mandatory minimums to the executive branch, via the executive branch's charging authority and discretion to file notices of enhancement pursuant to 21 U.S.C. § 851, demonstrates that there is no clear statutory mandate that mandatory minimum sentences

always be imposed in federal drug cases. It is true that prosecutors could always make mandatory minimum sentences based on drug quantity or § 851 "inoperative" in a particular case by refusing to charge drug quantities or prior conviction enhancements that invoke specific mandatory minimums, or any mandatory minimum at all, no matter what quantity of drugs was involved in the criminal conduct at issue and no matter what a defendant's prior criminal record might be. The ability of a prosecutor to *evade* a mandatory minimum by using the executive branch's well-established discretion in charging criminal offenses does nothing to lessen the statutory mandate for minimum sentences for defendants who *are* charged with and convicted of offenses for which Congress has established mandatory minimum sentences, as Feauto was in this case.

Yet, despite this statutory mandate for certain minimum sentences, U.S.S.G. § 1B1.10(c), as a policy statement implementing Amendment 782, clearly departs from that statutory mandate, because it makes mandatory minimum sentences "inoperative" in the context of a sentence reduction where a defendant has previously obtained a substantial assistance motion pursuant to both U.S.S.G. § 5K1.1 and § 3553(e). This is a usurpation of congressional responsibility for establishing *minimum* penalties for every crime, contrary to the Sentencing Guidelines as they existed at the time that the Supreme Court rejected non-delegation and separation-of-powers challenges to the Sentencing Guidelines in *Mistretta*. *See* 488 U.S. at 396. Thus, the Sentencing Commission's implementation of Amendment 782 is *ultra vires*, because it is a "'plain violation of an unambiguous and mandatory provision of the statute[s]'" that create the federal sentencing scheme of mandatory minimum sentences. *See Key Medical Supply, Inc.*, 764 F.3d at 962 (quoting *Slater*, 245 F.3d at 659).

### 2. *Possible sources of a mandate to nullify mandatory minimums*

Even assuming that a statute could delegate to the Commission the power to disregard or nullify mandatory minimum sentences without violating the separation-of-

powers principle, the statutory authority to do so must come from somewhere, but where? The parties and *amicus* put forward at least three nominees.

### a.    *Section 3553(e)*

The parties and *amicus* originally asserted that such statutory authority comes from 18 U.S.C. § 3553(e), the statute that, in the first instance, provides for imposition of a sentence below the mandatory minimum for substantial assistance. That provision states:

> (e)    **Limited authority to impose a sentence below a statutory minimum.**—Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. *Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.*

18 U.S.C. § 3553(e) (emphasis added). The parties assert that U.S.S.G. § 1B1.10(c) is a "guideline" or "policy statement" identified in the italicized sentence of § 3553(e), set out above. I disagree.

The "guidelines and policy statements" identified in § 3553(e) are plainly those relating to *imposition of a sentence below a mandatory minimum to reflect a defendant's substantial assistance*. This is clear from the reference to "such sentence" in the italicized sentence, which relates to "a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance," in the previous sentence, not to "any sentence." Thus, the pertinent guidelines and policy statements referenced in § 3553(e) are in Chapter 5, Part K, of the Sentencing Guidelines, concerning substantial assistance to authorities. Again, Amendment 782 is *not* an amendment to the "substantial assistance" guidelines. "Amendment 782 amended [U.S.S.G.] § 2D1.1,"

that is, it amended sentencing ranges determined by drug quantity, but it did not lower the sentencing ranges established on the basis of other offense or offender characteristics, such as "career offender" status under U.S.S.G. § 4B1.1, *Thomas*, 775 F.3d at 983, or, I would add, sentencing ranges based on or modified by "substantial assistance."

The prosecution argues—correctly—that nothing in § 3553(e) expressly identifies the pertinent guidelines and policy statements as those in Chapter 5, Part K. The prosecution goes on to argue that the plain language of the second sentence of § 3553(e) allows the court to consider other guidelines and policy statements issued pursuant to 28 U.S.C. § 994, such as U.S.S.G. § 1B1.10(c). The prosecution contends that it is significant that § 3553(e) only allows for the application of these guidelines and policy statements to impose a sentence below the mandatory minimum when there is a substantial assistance motion. I am still not persuaded.

Three matters seem extremely odd about the parties' construction of this last sentence of § 3553(e). First, the language of the sentence itself is an extremely convoluted way for Congress to create other unknown future exceptions to its power to create mandatory minimum sentences and exceptions to them, where that power belongs exclusively to Congress under the separation-of-powers principle. *See Mistretta*, 488 U.S. at 396. Nothing in this language even remotely suggests the sweeping power that the parties ascribe to it. Its plain meaning modifies substantial assistance motions and nothing else. Although the prosecution explains that it is not arguing for a "sweeping construction" of this sentence of § 3553(e) that would apply outside of substantial assistance cases, that does not save its construction. The prosecution still attributes to the statutory language a construction that gives the Sentencing Commission the authority to promulgate policies that sweep away mandatory minimums *as if they did not exist at all* on resentencing, if a substantial assistance motion was filed in the original sentencing. Contrary to the prosecution's view, I find that the much more limited authority provided

in the first sentence of § 3553(e) is only to "impose a sentence below a level established by statute as a minimum sentence *so as to reflect a defendant's substantial assistance.*" 18 U.S.C. § 3553(e) (emphasis added); *see also United States v. Billue*, 576 F.3d 898, 902–04 (8th Cir. 2009) (in discussing a district court's limited authority under § 3553(e) and § 5K1.1 to impose a sentence below a statutory minimum, emphasizing that, in ruling on the prosecution's downward departure motion based on substantial assistance, a court may consider only factors related to a defendant's substantial assistance to the prosecution, and that, upon reducing a sentence below a statutory minimum, a court may not use § 3553(a) factors to decrease the sentence further). The power under § 3553(e) to reduce a sentence *below* a mandatory minimum is not the power to nullify the mandatory minimum entirely. Rather, it is the power to remove a mandatory minimum as an impediment to a lower sentence specifically "to reflect a defendant's substantial assistance," and only to do so. To put it another way, the power under § 3553(e) is not the power to impose an amended sentence that entirely ignores the mandatory minimum and that is based in whole or in part on considerations *other than* substantial assistance.

Second, the placement of this alleged sweeping power delegated to the Commission, in a statute authorizing substantial assistance motions, seems even more peculiar. If Congress had intended that future "guidelines and policy statements" create additional exceptions from statutory mandatory minimum sentences, or nullify them, it is improbable that such authority would be placed in the second sentence of a statute authorizing substantial assistance motions. Thus, in my view, both the plain language of the second sentence of § 3553(e) and its placement strongly militate against the sweeping construction suggested by the parties.

Third, if the second sentence in § 3553(e) is construed as broadly as the parties suggest, then nothing would stop the Sentencing Commission, in the guise of reviewing and revising the Sentencing Guidelines pursuant to § 994(o), or as a matter of "policy,"

from directing that any defendant resentenced pursuant to a retroactive guideline amendment pertaining to base offense levels for drug quantities be resentenced to Base Offense Level 1 and Criminal History Category I. While this is, admittedly, an extreme example, there is no limit to the literally thousands of ways that, under the parties' view, retroactive guidelines could create exceptions to congressionally-mandated mandatory minimum sentences. There can be little doubt that such a policy would not only be a clear departure from the statutory mandate for minimum sentences, but would also be a clear departure from the mandate that the only exceptions to mandatory minimums are in § 3553(e) and (f), for substantial assistance and "safety valve." *See Chacon*, 330 F.3d at 1066 ("[T]he only authority for the district court to depart below the statutorily mandated minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when the government makes a motion for substantial assistance or when the defendant qualifies under the safety valve provision." (citation omitted)). In the absence of statutory authority to do so—which § 3553(e) does not provide—the Sentencing Commission's implementation of Amendment 782 is *ultra vires*. *See Key Medical Supply, Inc.*, 764 F.3d at 962 (quoting *Slater*, 245 F.3d at 659).

       **b.**    **Section 3582(c)(2)**

Because § 3553(e) does not provide the necessary statutory authority, the Federal Defender has, instead, pointed to § 3582(c)(2) in its comments on the tentative opinion.[7] This is so, even though I had indicated in my tentative opinion that I did not believe that § 3582(c)(2) provides the necessary authority. As I explained in the tentative opinion, the Seventh Circuit Court of Appeals has observed, "Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum." *United States v. Forman*,

---

[7] In its comments, the Federal Defender did not renew its argument that § 3553(e) provides the required statutory authority for § 1B1.10(c), at least tacitly acknowledging that § 3553(e) does not do so.

553 F.3d 585, 588 (7th Cir. 2009) (*per curiam*), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015). Thus, in my view, there is no statutory mandate in § 3852(c)(2) to disregard mandatory minimum sentences upon resentencing. *See Key Medical Supply, Inc.*, 764 F.3d at 962.

The Federal Defender argues, however, that once the statutory bar to sentences below a mandatory minimum has been waived by the government's substantial assistance motion pursuant to § 3553(e), § 3582(c) permits the Sentencing Commission to issue policy statements that give courts discretion to reduce a sentence that was based on a guideline range that has now been lowered, and to do so from an amended guideline range that is now *below* the mandatory minimum. This argument is apparently based on the portion of § 3582(c)(2) authorizing the court to make a sentence reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Federal Defender appears to argue that § 1B1.10(c) is an "applicable policy statement," specifically related to resentencing pursuant to § 3582(c)(2), and that, therefore, § 1B1.10(c) properly makes "inoperative" on resentencing § 5G1.1, which is the guideline that would otherwise make a mandatory minimum above the guideline range the guideline sentence. Indeed, the Federal Defender argues, it is only the existence of § 5G1.1, and the case law interpreting the guidelines with that provision in place in a substantial assistance context, that necessarily requires that the starting point for the substantial assistance departure be the mandatory minimum term in cases where the guideline range would otherwise be lower. The Federal Defender also cites as support the statement of the Supreme Court in *Freeman v. United States*, ___ U.S. ___, ___, 131 S. Ct. 2685, 2690 (2011), that "[t]here is no reason to deny § 3582(c)(2) relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range."

I am still not persuaded that § 3582(c)(2) provides the necessary statutory authority.  As with § 3553(e), the language of § 3582(c)(2), is an extremely convoluted way for Congress to create unknown future exceptions to its power to create mandatory minimum sentences and exceptions to them, where that power belongs exclusively to Congress under the separation-of-powers principle.  *See Mistretta*, 488 U.S. at 396.  The language of § 3582(c)(2) is an even more convoluted way of doing so than § 3553(e), because the language of § 3582(c)(2) is silent as to either mandatory minimums or reductions below mandatory minimums for substantial assistance.

I also disagree with the Federal Defender's argument that it is only the existence of § 5G1.1, and the case law interpreting the guidelines with that provision in place in a substantial assistance context, that necessarily requires that the starting point for the substantial assistance departure be the mandatory minimum term in cases where the guideline range would otherwise be lower.  To the contrary, it is § 3553(e) that authorizes reductions below the mandatory minimum, and then *only* "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  18 U.S.C. § 3553(e); *see, e.g., Billue*, 576 F.3d at 902–04 (in discussing a district court's limited authority under § 3553(e) and § 5K1.1 to impose a sentence below a statutory minimum, emphasizing that, in ruling on the prosecution's downward departure motion based on substantial assistance, a court may consider only factors related to a defendant's substantial assistance to the prosecution, and that, upon reducing a sentence below a statutory minimum, a court may not use § 3553(a) factors to decrease the sentence further); *United States v. Auld*, 321 F.3d 861, 867 (8th Cir. 2003) (explaining that, where a defendant's mandatory minimum exceeds his guideline sentence, any departure for substantial assistance must be from the mandatory minimum as the sentence that would otherwise have been imposed, because § 3553(e) was controlling).  Thus, the "starting point" for a substantial assistance motion pursuant to a

§ 3553(e) is necessarily the mandatory minimum, at least where the mandatory minimum *exceeds* the guideline range.

Finally, *Freeman* is inapposite. A defendant whose mandatory minimum exceeded his guideline range is not a defendant "linger[ing] in prison pursuant to [a] sentence[ ] that would not have been imposed but for a since-rejected, excessive range." *Freeman*, ___ U.S. at ___, 131 S. Ct. at 2690. Rather, he is a defendant in prison pursuant to a sentence imposed in light of his mandatory minimum and a statutorily-permissible reduction from the mandatory minimum for substantial assistance.

Section 3582(c)(2) does not provide the required statutory mandate to nullify mandatory minimum sentences in the implementation of Amendment 782. Consequently, the Sentencing Commission's implementation of Amendment 782 is *ultra vires*, if based on § 3582(c)(2). *See Key Medical Supply, Inc.*, 764 F.3d at 962 (quoting *Slater*, 245 F.3d at 659).

### c. Section 994(u)

The parties' final nominee as the source of a statutory mandate for the Sentencing Commission's policy for implementing Amendment 782 on resentencing, put forward by the Federal Defender, is 28 U.S.C. § 994(u). That provision states the following:

> **(u)** If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

The Federal Defender argues that this statute permits the Sentencing Commission to act as its own lexicographer in removing the applicability of § 5G1.1 in the retroactive implementation of Amendment 782. The Federal Defender argues that all that the Sentencing Commission is attempting to allow in resentencing cases is the application of the retroactive guideline amendment to those defendants who were sentenced pursuant to

a guideline range, rather than a guideline sentence, that is now lower by function of the amendment.

The first fallacy with the Federal Defender's last nominee is a now-familiar one: The language of § 994(u) is an extremely convoluted way for Congress to create unknown future exceptions to its power to create mandatory minimum sentences and exceptions to them, where that power belongs exclusively to Congress under the separation-of-powers principle. *See Mistretta*, 488 U.S. at 396. Like § 3582(c)(2), § 994(u) is silent as to either mandatory minimums or reductions below mandatory minimums for substantial assistance. Furthermore, a defendant whose mandatory minimum exceeded his guideline range was not a defendant sentenced pursuant to a guideline range, but a defendant sentenced pursuant to a mandatory minimum and a statutorily-permissible reduction from the mandatory minimum for substantial assistance. Nothing in § 994(u) authorizes the Sentencing Commission to nullify a mandatory minimum by directing the sentencing court to consider a defendant's amended guideline range below the mandatory minimum, rather than the mandatory minimum, as the starting point for a substantial assistance reduction.

Again, because neither § 994(u), nor any of the parties' other nominees, provides the necessary statutory authority for the Sentencing Commission's action, the Sentencing Commission's implementation of Amendment 782 is *ultra vires*. *See Key Medical Supply, Inc.*, 764 F.3d at 962 (quoting *Slater*, 245 F.3d at 659).

### 3.     *Pernicious Consequences*

A further reason that I believe U.S.S.G. § 1B1.10(c) is a policy that clearly departs from the statutory mandate for mandatory minimum sentences is its pernicious consequences. As explained, above, under Amendment 782, using § 1B1.10(c) and Application Note 4, to resentence a defendant who was subject to a mandatory minimum exceeding his guideline range, but who received a substantial assistance motion

permitting him to be sentenced below his mandatory minimum, a resentencing court would consider the defendant's amended guideline range, not his mandatory minimum sentence. The court would then make any reduction for substantial assistance from the low end of the amended guideline range, even if it was below the defendant's mandatory minimum, using the same approximate percentage reduction that the court previously gave, *without regard to that defendant's statutory mandatory minimum sentence*. The result is a *second reduction* for substantial assistance upon resentencing.

Yet, a defendant being sentenced *for the first time* under Amendment 782, who also faces a mandatory minimum sentence exceeding his guideline range and who is eligible for a substantial assistance reduction below his mandatory minimum, is stuck with that mandatory minimum sentence as a "starting point" for any substantial assistance reduction, pursuant to U.S.S.G. § 5G1.1 and § 5G1.2. The result for that defendant is plainly consistent with the statutory mandates for mandatory minimum sentences and the exception for substantial assistance reductions below mandatory minimum sentences. It is also consistent with the purported goal of Amendment 782, which was to amend U.S.S.G. § 2D1.1, which sets sentencing ranges determined by drug quantity, but not to lower the sentencing ranges established on the basis of other offense or offender characteristics. *Thomas*, 775 F.3d at 983. The problem is that such a defendant is treated very differently from a defendant being *resentenced* under Amendment 782.

I cannot see how freeing a resentenced defendant from the mandatory minimum before making a substantial assistance reduction, while "tethering" a defendant being sentenced for the first time to his mandatory minimum sentence as the starting point for making a substantial assistance reduction can be anything but a clear departure from the statutory mandate for mandatory minimums. In my view, it is also a clear departure from the statutory mandate for the Sentencing Guidelines, which was, at least in part, to

achieve fairness, uniformity, and proportionality.  *See, e.g., United States v. Jackson*, 554 F.3d 716, 716 (8th Cir. 2009).[8]

Moreover, the construction urged by the parties creates another anomaly.  Those defendants sentenced *to a mandatory minimum* that was either above or below their guideline range who did not cooperate get no relief from Amendment 782.  This rewards cooperators a second time solely for their original cooperation and is not tethered to the actual purpose of Amendment 782.  This further renders the parties' position completely free-floating from the original purpose of Amendment 782—to ameliorate the harshness of the drug guidelines, not to reward cooperators twice.  *See* UNITED STATES SENTENCING COMMISSION, FEDERAL SENTENCING GUIDELINES MANUAL, Vol. 3, Amendment 782, Reasons for Amendment (pertinent portion quoted in footnote 4, *supra*).

Indeed, if Feauto were sentenced for the first time today, with the 2-level reduced base offense level guideline provided by Amendment 782, his total offense level would drop from a 33 to a 31, and his guideline range would drop from his prior 168 to 210 months range to 135 to 168 months.  But because Congress has mandated that a defendant in Feauto's position would have a mandatory minimum sentence of 240 months, which

---

[8] To put it another way, disregarding a mandatory minimum sentence on resentencing, where a defendant previously received a substantial assistance motion, seems like "putting the cart before the horse."  In every other sentencing scenario, the court would determine, first, the base offense level, which is the only step affected by Amendment 782; next, determine whether the defendant is subject to a mandatory minimum sentence that "trumps" the guideline range; then determine, last, whether any substantial assistance motion permits a reduction from the bottom of his guideline range (or the mandatory minimum operating as the bottom of the guideline range).  Section 1B1.10(c), however, makes determination of whether there was a substantial assistance motion the *first* step, entirely skips the second step, and dictates that the amended guideline range is the starting point for any substantial assistance reduction.

is above both his pre-Amendment 782 range and todays' post-Amendment 782 range, he would start at 240 months, receive his 45% substantial assistance reduction, and receive the identical sentence he received prior to the passage of Amendment 782. That is what he would get if he were sentenced for the first time today, and it is exactly what he got when he was originally sentenced on June 25, 2013, before Amendment 782 and the policy statements in § 1B1.10(c). In other words, neither Amendment 782 nor any other guideline or statute provides a way for Feauto to get to the sentence that the parties and *amicus* advocate, if he were sentenced today. Neither the parties nor *amicus* has any response to this anomaly. This anomaly demonstrates to me that the retroactive application of Amendment 782 called for by the Sentencing Commission's policy statement in § 1B1.10(c) is irrational and, thus, *ultra vires*, *when applied to drug defendants whose mandatory minimum is above their guideline range*. Of course, if a drug defendant's guideline range is above a mandatory minimum, retroactive application of Amendment 782 could lower a sentence, potentially all the way down to a mandatory minimum, without a substantial assistance motion, or below it, with a substantial assistance motion. This places defendants sentenced prior to the passage of Amendment 782, when applied retroactively, in the identical position if they were sentenced after the effective date of Amendment 782.

Finally, disregarding a mandatory minimum sentence on an Amendment 782 resentencing, using § 1B1.10(c) and Application Note 4, changes the factors that are relevant to the determination of the extent to which a defendant's amended sentence might actually be below his mandatory minimum sentence, at least where the amended guideline range is below the mandatory minimum. This is so, because the amended guideline range is based on the offense and offender characteristics addressed by the Sentencing Guidelines, and the bottom of that amended guideline range would be below the mandatory minimum. Any reduction below the mandatory minimum, in other

circumstances, however, must be based *solely* on factors relating to the defendant's substantial assistance. *See, e.g., Billue*, 576 F.3d at 902–04 (in discussing a district court's limited authority under § 3553(e) and § 5K1.1 to impose a sentence below a statutory minimum, emphasizing that, in ruling on the prosecution's downward departure motion based on substantial assistance, a court may consider only factors related to a defendant's substantial assistance to the prosecution, and that, upon reducing a sentence below a statutory minimum, a court may not use § 3553(a) factors to decrease the sentence further); *United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) ("[D]istrict courts may not consider the powder-to-base ratio disparity [in crack cases] when deviating from statutory minimums on consideration of substantial assistance motions under 18 U.S.C. § 3553(e)." (internal quotations and citations omitted)). Thus, disregarding a mandatory minimum sentence on an Amendment 782 resentencing, using § 1B1.10(c) and Application Note 4, is also a clear departure from the statutory mandate in 28 U.S.C. § 3553(e) that reductions below mandatory minimums be based on substantial assistance (and pursuant to § 3553(f), based on "safety valve" eligibility), not anything else.

## C.     *Improper Delegation*

The parties and *amicus* argue that, even if there is no specific statutory mandate for the Sentencing Commission's action in implementing Amendment 782 in such a way as to nullify mandatory minimums on resentencing, there is, nevertheless, clear congressional intent to allow the Sentencing Commission to do so. They point out that U.S.S.G. § 1B1.10(c) was an amendment to attempt to preempt the sort of circuit split that occurred in the implementation of the "crack" cocaine guidelines amendments. They also argue that at least some of what I have called "pernicious consequences" were raised in the public comments on the proposed amendment. Thus, the Federal Defender, in

particular, argues that, to the extent that such consequences are permitted to occur, they appear to have congressional support or, at the very least, congressional indifference.

These arguments prove too much. They are, in essence, arguments that *Congress* violated the non-delegation doctrine and the separation-of-powers principle. Again, as the Supreme Court explained in *Mistretta*, under the separation-of-powers principle, "we long have insisted that 'the integrity and maintenance of the system of government ordained by the Constitution' mandate that Congress generally cannot delegate its legislative power to another Branch." 488 U.S. at 371-72 (quoting *Field v. Clark*, 143 U.S. 649, 692 (1892)). As the Supreme Court expressly recognized in *Mistretta*, it is Congress's responsibility to establish minimum and maximum penalties for every crime. *Id*. at 396. The "intelligible principle" test invalidates any delegation of that power to the Sentencing Commission via Amendment 782 and U.S.S.G. § 1B1.10(c), because the parties have not identified, and I have not found, where and how Congress "'la[id] down by legislative act an intelligible principle to which the [Sentencing Commission] is directed to conform,'" in nullifying mandatory minimum sentences on resentencing pursuant to Amendment 782, such that the delegation would not be forbidden. *Id*. (quoting *J.W. Hampton, Jr., & Co.*, 276 U.S. at 409). As my discussion of the various statutes nominated by the parties as the source of the Sentencing Commission's power to nullify mandatory minimums shows, the parties' reading of those statutes would create a sweeping authority to act, not a direction to conform to any intelligible principle. It follows that, where § 1B1.10(c) usurps the legislative responsibility for establishing *minimum* penalties for crimes, and assuming, *arguendo*, that Congress has tacitly approved that usurpation, Congress has violated the non-delegation doctrine and the separation-of-powers principle, and § 1B1.10(c) is invalid.

### III.  CONCLUSION

I conclude that nullifying or disregarding a mandatory minimum sentence on an Amendment 782 resentencing, using § 1B1.10(c) and Application Note 4, is a clear departure from statutory mandates concerning mandatory minimum sentences and reductions below mandatory minimums only for substantial assistance (or "safety valve" relief), and violates the non-delegation doctrine and the separation-of-powers principle. I find no statutory authority, and the parties and *amicus* have identified no convincing nominees, authorizing the Sentencing Commission to promulgate guidelines or policy statements that disregard mandatory minimum sentences.  Assuming, *arguendo*, that Congress may be understood to have tacitly approved those guidelines and policy statements, Congress violated the non-delegation doctrine and the separation-of-powers principle.  Thus, those guidelines and policy statements purportedly implementing Amendment 782 are in excess of the Commission's statutory authority and in excess of Congress's power to delegate.

Amendment 782 properly changes only a defendant's base offense level, not the effect of his mandatory minimum sentence or his prior substantial assistance.  The Sentencing Commission, itself, explained that the reason for Amendment 782 was to "change[ ] how the applicable statutory mandatory minimum penalties are incorporated into the Drug Quantity Table while maintaining consistency with such penalties," not to *nullify* such penalties in certain situations or to alter the drug quantity that triggers a mandatory minimum.  UNITED STATES SENTENCING COMMISSION, FEDERAL SENTENCING GUIDELINES MANUAL, Vol. 3, Amendment 782, Reasons for Amendment. Thus, the proper net effect of Amendment 782 is that it can only reduce the sentence of a defendant who originally received a reduction for substantial assistance if he had no mandatory minimum or both his original guideline sentence and his amended guideline sentence are above his mandatory minimum.  This construction places defendants with

mandatory minimum sentences in the identical position if they were sentenced prior to or after the retroactive application of Amendment 782 and achieves the sentencing purpose of avoiding unwarranted sentencing disparity.

Here, because Feauto was subject to a mandatory minimum sentence exceeding both his original guideline range and his amended guideline range, and he has already received a reduction below that mandatory minimum for substantial assistance, I conclude that he is not entitled to any further reduction in his sentence pursuant to 28 U.S.C. § 3582(c)(2) and Amendment 782. Specifically, any substantial assistance reduction on resentencing would properly start from the same point (Feauto's mandatory minimum sentence), consider the same factors, and result in the same percentage reduction from his mandatory minimum sentence, so that the final sentence would be exactly the same. There is simply no indication that the purpose behind Amendment 782 was to give previously sentenced defendants with mandatory minimum sentences a sentencing break that they would not receive if sentenced today pursuant to Amendment 782.

THEREFORE, defendant Feauto is **denied** a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines and U.S.C. § 3582(c)(2). Because the views expressed in this opinion seem at odds with those of both the defendant and the Department of Justice, and perhaps with those of other judges in the nation, I strongly encourage Mr. Feauto to appeal this ruling. Encouragement, no doubt, he doesn't need.

**IT IS SO ORDERED.**

**DATED** this 23rd day of November, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA